ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

December 15, 2011

Tim F. Branaman, Ph.D.
Chair, Texas State Board of Examiners
    of Psychologists
333 Guadalupe, Suite 2-450
Austin, Texas 78701

Opinion No. GA-0897

Re: Whether the use of the term "Nationally Certified School Psychologist" by a Licensed Specialist in School Psychology is a violation of the Psychologists' Licensing Act (RQ-0947-GA)

Dear Dr. Branaman:

On behalf of the Texas State Board of Examiners of Psychologists (the "Board"), you ask whether a Licensed Specialist in School Psychology who uses the term "Nationally Certified School Psychologist" violates the Psychologists' Licensing Act (the "Act") because the term includes the word "psychologist,"[1] which Texas law defines as being limited to persons holding a doctorate in that field. *See* TEX. OCC. CODE ANN. §§ 501.002(5), .252(b)(2) (West 2004).

The Act, chapter 501 of the Occupations Code, governs the practice of psychology. *Id.* §§ 501.001 (short title), .251 (generally prohibiting an unlicensed person from engaging in or representing that the person is engaged in the practice of psychology). *See generally id.* §§ 501.001–.505 (West 2004 & Supp. 2011) (chapter 501). The Act defines "psychologist" as "a person who holds a license to engage in the practice of psychology issued under Section 501.252," and section 501.252 requires a candidate for such a licensee to obtain a doctoral degree. *Id.* §§ 501.002(5), .252(b)(2) (West 2004). The Act defines a "Licensed Specialist in School Psychology" ("LSSP") as "a person who holds a license to engage in the practice of psychology under Section 501.260." *Id.* § 501.002(2). Section 501.260 requires the Board to establish, among other things, the graduate degree requirements that must be satisfied to obtain an LSSP license. *Id.* § 501.260(b). An LSSP license "constitutes the appropriate credential for a person who provides psychological services as required by Section 21.003(b), Education Code." *Id.* § 501.260(a). The referenced section of the Education Code provides that a person must be appropriately licensed to "be employed by a school district as [a] . . . school psychologist[.]" TEX. EDUC. CODE ANN. § 21.003(b) (West Supp. 2011).

---

[1]*See* Letter from Tim F. Branaman, Ph.D, Chair, Tex. State Bd. of Exam'rs of Psychologists, to Honorable Greg Abbott, Attorney General of Texas at 1 (Feb. 18, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

The National Association of School Psychologists bestows on persons who have met the association's educational and professional practice standards a "Nationally Certified School Psychologist" ("NCSP") credential.[2]   Texas Board rules for licensing a candidate as an LSSP provide that a currently valid NCSP certification satisfies the rule's training and internship requirements, and the rules require a candidate to "obtain at least the current cut-off [examination] score for the NCSP before applying for the licensed specialist in school psychology." 22 TEX. ADMIN. CODE § 463.9(b), (e) (2011) (Tex. State Bd. Of Exam'rs of Psychologists, Licensed Specialist in School Psychology).[3]   Nevertheless, because the NCSP credential contains the word "psychologist," you wish to know whether a board rule promulgated to allow "the use of the professional descriptor 'Nationally Certified School Psychologist' by a person who holds the LSSP license [would violate] the Act's provision for use of the term "psychologist" under [section] 501.002(5)." Request Letter at 2.[4]

Section 501.002(5) defines the word "psychologist," but does not address its use by licensees. TEX. OCC. CODE ANN. § 501.002(5) (West 2004). Consequently, we examine other pertinent statutes to determine if the Act prohibits an LSSP from using NCSP as a "professional descriptor." Under the Act, representations "to the public by a title or description of services that includes the word 'psychological,' 'psychologist,' or 'psychology'" constitute the practice of psychology, and the Act prohibits a person from "engag[ing] in or represent[ing] that the person is engaged in the practice of psychology unless the person is licensed *under this chapter* or exempt." *Id.* §§ 501.003(b)(1), .251 (emphasis added). Neither statute addresses the use of credentials by an LSSP who, by definition, is licensed to engage in the practice of school psychology under the chapter. *Id.* § 501.002(2) (citing section 501.260).

The grounds for disciplinary action stated in section 501.401 include a licensee's violation of the chapter or a board rule, "fraud or deceit in connection with services provided as a psychologist," and representations that a person is licensed to engage in psychology when that is not the case. *Id.* § 501.401(1), (4)–(5). The statute does not specifically address a licensee's use of credentials.

The Board is authorized to restrict advertising and competitive bidding, limited to rules that "prohibit false, misleading, or deceptive practices" by a person regulated by the Board. *Id.* § 501.156(a). However, in light of the statutes' own use of the term "school psychologist" and the prominent role that NCSP credentialing plays in board requirements for licensing a person as an

---

[2]*See* National Association of School Psychologists, "Standards for the Credentialing of School Psychologists" (2010), http:///www.nasponline.org/standards/2010standards/2_Credentialing_Standards.pfd.

[3]The Board is required to establish licensing standards for an LSSP, which must include "rules of practice for an [LSSP that] comply with nationally recognized standards for the practice of school psychology." TEX. OCC. CODE ANN. § 501.260(c) (West 2004).

[4]Although you inform us that a particular rule has been proposed, the question you pose is general, and accordingly, we do not address the specific terms of the proposed rule.

LSSP, a court would likely find that an LSSP's use of a valid NCSP credential is neither false nor inherently misleading or deceptive—provided the credentialed professional's practice is limited to the field authorized by law, school psychology. *Cf. Ibanez v. Fla. Dep't of Bus. & Prof'l Regulation*, 512 U.S. 136, 145–46 (1994) (attorney's truthful use of designation "Certified Financial Planner," as authorized by a private professional organization, was neither false nor inherently deceptive); *Peel v. Attorney Registration & Disciplinary Comm'n of Ill.*, 496 U.S. 91, 110–11 (1990) (Stevens, J., plurality) (concluding that letterhead statement that attorney was certified as a civil trial specialist by the National Board of Trial Advocacy was neither actually nor inherently misleading); *Abramson v. Gonzalez*, 949 F.2d 1567, 1577 (11th Cir. 1992) (truthful statement that person is a psychologist is not inherently misleading).[5]

In sum, no provision of the Act prohibits an LSSP from truthfully using the NCSP certification as a professional descriptor. Consequently, a Board rule that allows such use would not, by virtue of that fact, violate the Act.

---

[5]Moreover, if chapter 501 were construed as flatly prohibiting the truthful use of the NCSP certification, such a construction could pose First Amendment issues. *Abramson*, 949 F.2d at 1577 (statements about a person's occupation that are neither false nor inherently misleading may be regulated but not prohibited entirely). If possible, a court will give a statute a construction that will "avoid raising doubts of its constitutionality." *St. Martin Evangelical Lutheran Church v. S. D.*, 451 U.S. 772, 780 (1981).

## S U M M A R Y

The Psychologists' Licensing Act does not prohibit a Licensed Specialist in School Psychology who has obtained the necessary credentials from the appropriate accrediting organization from using the term "Nationally Certified School Psychologist" as a professional descriptor. A rule by the Board of Examiners of Psychologists that would allow such use would not by virtue of that fact violate the Act.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee